**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

QIANA REID,
             Appellant,

      v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
PH-0752-16-0340-I-1

DATE: February 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Stephanie E. Hosea</u>, Esquire, Washington, D.C., for the appellant.

<u>David E. Mapp</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as moot after the agency rescinded the underlying removal action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The administrative judge dismissed this appeal as moot after the agency rescinded the underlying removal action. Initial Appeal File (IAF), Tab 21, Initial Decision (ID). As the hearing ended, the administrative judge told the parties that he was inclined to reverse the appellant's removal on grounds that the agency denied the appellant her right to due process but that the parties could settle the appeal or the agency could rescind the action before he issued the initial decision. Hearing Compact Disc (comments of the administrative judge). Shortly thereafter, the agency moved for dismissal of the appeal on the ground that it had rescinded the removal action, asserting that it had restored the appellant to the status quo ante and had initiated processing her back pay. IAF, Tab 19 at 5-6. After agency counsel confirmed that it had restored the appellant to her former position and that the agency was processing the appellant's back pay request, the administrative judge dismissed the appeal. ID at 2.

The appellant has filed a petition for review in which she contends, among other things, that the agency had not fully restored her to the status quo ante when the initial decision was issued or by the time she filed her petition for review. Petition for Review (PFR) File, Tab 1 at 9-10. In particular, the appellant asserts that, at the time she filed her petition for review, the agency had not paid her any back pay, provided retroactive benefits, or shown that it had removed all references to the removal action from her personnel file. *Id.* at 9-10, 12. She also asserts that the agency did not allow her to return to duty on the date it alleged by agency counsel. *Id.* at 9, 12. The agency opposed the petition for review and asked for permission to file supplemental information "at such time as back pay is processed." PFR File, Tab 3 at 6. In reply, the appellant asserted, among other things, that the agency still had not issued a new Postal Service Form 50 (PS-50), expunged the removal documents from her personnel file, restored her benefits, or paid her back pay. PFR File, Tab 4 at 5.

The Clerk of the Board subsequently ordered both parties to provide further evidence and argument addressing whether, while the petition for review was pending, the agency had afforded the appellant all of the relief that she might have obtained if she had prevailed before the Board. PFR File, Tab 5 at 2. The agency responded with a declaration from agency counsel and other documentation concerning the agency's efforts to return the appellant to the status quo ante. PFR File, Tab 6. The appellant did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is determined by the nature of the agency's action at the time an appeal is filed with the Board. *See Gillespie v. Department of Defense*, 90 M.S.P.R. 327, ¶ 7 (2001). An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed. *Id*. Thus, the Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. *Id.* For the appeal to be deemed moot, however, the agency's rescission of the appealed action must be complete. *Id.* That is, the employee must be returned to the status quo ante and not left in a worse position because of the cancellation than she would have been in if the matter had been adjudicated. *Id.* If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007). The agency has the burden of proving mootness. *See Friends of the Earth, Incorporated v. Laidlaw Environmental Services (TOC), Incorporated*, 528 U.S. 167, 189 (2000) (reflecting that the burden of proving mootness is on the moving party); *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 10 (2012) (finding that an administrative judge did not, as an appellant claimed, allow an agency to avoid its burden of proving mootness).

<u>The administrative judge erred when he dismissed the appeal as moot because the agency's rescission of the removal was not complete.</u>

The administrative judge stated in his October 3, 2016 initial decision that the agency "has granted the appellant's request by rescinding the removal action and processing the appellant's back pay request." ID at 2. He explained that the appellant would be reinstated on the day that the initial decision was issued. *Id.* In response to the appellant's petition for review, the agency explained that the appellant returned to her former position effective October 1, 2016. PFR File, Tab 3 at 4-5, 8, 12, 19-22. The appellant's pay resumed during the pay period ending October 7, 2016, and on September 29, 2016, the agency initiated action for her to recover back pay. *Id.* at 8, 12, 14-17. In her reply to the agency's response, the appellant offered a declaration stating that, as of November 4, 2016, she had not yet received any back pay, nor had the agency given her a PS-50 documenting her reinstatement, expunged the documents related to her removal from her official personnel folder, or informed her that her benefits had been restored. PFR File, Tab 4 at 7. Based on these facts, we find that the appeal was not moot when the initial decision was issued. Therefore, we vacate the initial decision.

<u>The appeal must be remanded for adjudication of the merits.</u>

While the appellant's petition for review was pending, the Clerk of the Board ordered the parties to provide evidence, preferably in the form of sworn statements with supporting exhibits, and arguments addressing whether the appellant had obtained all of the relief that she might have obtained if she had prevailed before the Board. PFR File, Tab 5 at 2. The agency submitted a declaration with exhibits, documenting that the appellant had been issued back pay on February 16, 2017. PFR File, Tab 6 at 5-6, 20-24. The back pay documentation includes data on the agency's withholding for her retirement benefits and the record indicates that the agency would have addressed any other matters related to benefits when it processed her back pay. *Id.* at 12, 20-24. The

agency also submitted the appellant's most recent PS-50, dated January 7, 2017. *Id.* at 5, 15.

Restoration to the status quo ante requires, among other things, that the agency remove all references to the adverse action from the appellant's personnel file. *See Price,* 118 M.S.P.R. 222, ¶ 13. The agency has not alleged, nor offered evidence to demonstrate, that it purged the proposal to remove or the removal decision from the appellant's record. PFR File, Tabs 3, 6. On remand, the administrative judge should resolve whether the agency can meet its burden of proving that it did so. In supporting its assertions, the agency should be mindful that the statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Should the administrative judge find that the agency has failed to return the appellant to the status quo ante, he shall adjudicate the appeal on the merits.

The administrative judge did not abuse his discretion when he declined to issue a bench ruling reversing the removal action.

The appellant asserts that the administrative judge abused his discretion when he informed the parties from the bench that the agency could rescind the removal before the initial decision was issued, rather than issue an immediate ruling reversing the removal on grounds that the agency had violated her right to due process. PFR File, Tab 1 at 10. The Board's regulations give its administrative judges broad discretion to regulate the course of hearings and to issue initial decisions. 5 C.F.R. § 1201.41(b)(6), (15). We have reviewed the administrative judge's comments relevant to this matter and find no abuse of discretion.

The administrative judge's actions do not indicate he was biased in the agency's favor.

Finally, the appellant argues that the administrative judge's ruling is indicative of partiality and thus warrants a new adjudication before a different administrative judge. PFR File, Tab 1 at 11-13. She contends that his comments

at the hearing advising the parties that the agency could rescind the removal action were in the nature of legal advice given to benefit the agency. *Id.* at 11. She further contends that the administrative judge made improper ex parte contact with the agency when he verified that she had been returned to the position from which she was removed. *Id.* at 12; ID at 2.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

We find that the administrative judge's comments here do not evidence bias. He was simply informing the parties of their options under Board law and acting within his authority to do so. *See, e.g.*, *Barnes v. U.S. Postal Service*, 49 M.S.P.R. 21, 24-25 (1991). The appellant's allegations of ex parte contact, however, are troubling. Board regulations generally prohibit oral or written communications between an administrative judge and an interested party to a case before him when those communications concern the merits of a matter before the Board for adjudication and when they are made without providing the other party to the appeal with an opportunity to participate. *Martinez v. U.S. Postal Service*, 89 M.S.P.R. 152, ¶ 24 (2001); 5 C.F.R. §§ 1201.101, 1201.102. Nevertheless, even if the administrative judge's action was inappropriate, the appellant has not shown that she was harmed. *See, e.g.*, *Martinez*, 89 M.S.P.R. 152, ¶ 24; *Reape v. Department of Health and Human Services*, 41 M.S.P.R. 406, 409 (1989), *aff'd*, 897 F.2d 538 (Fed. Cir. 1990) (Table). The administrative judge explained in the initial decision that the agency's motion to dismiss the appeal had been filed

before the effective date of her reinstatement, and his contact with the agency representative appears to have been intended to verify that the agency had carried out its intention. ID at 2. Moreover, the appellant already had received an opportunity to respond to the agency's motion to dismiss and to explain why she believed the appeal was not yet moot. IAF, Tab 20. The initial decision informed the appellant of the ex parte communication, and she has been afforded the opportunity to contest the sufficiency of the agency's evidence of having completely rescinded the removal action on review to the Board. She also has not shown that the administrative judge's actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. Accordingly, we find her allegations of bias to be unavailing.

## ORDER

Based on the foregoing, we remand this appeal to the regional office for a determination as to whether, after the parties have had an opportunity to respond, the agency has returned the appellant to the status quo ante. This includes purging of both the proposed removal and the removal decision from the appellant's personnel file. If the agency has done so, the administrative judge shall dismiss the appeal as moot. If the agency has not done so, the administrative judge shall adjudicate the removal appeal on the merits.

FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.